IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

                                Case. No. 6:97-cr-60052-MC

v.                                      OPINION AND ORDER

EDMUND KEITH BRADSHAW,

        Defendant.

_____

**MCSHANE, Judge:**

      Defendant Edmund Keith Bradshaw moves to modify his federal prison sentence of 46 months imposed on September 9, 1997 after a plea of guilty to bank robbery. Bradshaw seeks to modify his sentence to run concurrent with his 250-month state prison sentence. Bradshaw alleges this modification will allow him to participate in rehabilitation programs that he currently cannot enter with his current sentence structure. Bradshaw's motion, essentially a 28 U.S.C. § 2255 motion, is time-barred, not a cognizable claim, and procedurally barred. Bradshaw's Motion, ECF No. 31, is DENIED.

## FACTUAL BACKGROUND

      In 1997, Bradshaw robbed a credit union and was charged with bank robbery. During the pendency of the federal charges, Bradshaw was indicted in Lane County, Oregon for robbery

charges based on a series of separate armed robberies. Bradshaw resolved the federal charges by pleading guilty, in which he received a sentence of 46 months and three years of supervised release. Resp. ¶¶ 1-2, ECF No. 32.

In 1998, Bradshaw was transferred to state custody to face the state charges. Following a trial, Bradshaw was sentenced to 250 months in state prison, which the state court ordered to be served consecutive to his federal sentence. Bradshaw completed his federal sentence on August 23, 2000 and was released to state custody. Bradshaw will complete his state sentence on June 23, 2021. After completion of this sentence, Bradshaw will begin his three year federal post-prison supervised release and his 36-month state post-prison supervision. Resp. ¶¶ 2-3.

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## **DISCUSSION**

Bradshaw seeks modification of his 46-month federal sentence to run concurrent with his 250-month state sentence. Bradshaw alleges he cannot enter into rehabilitation programs with his current sentence structure. Although Bradshaw did not title his motion as one under 28 U.S.C. § 2255, it is a collateral attack on his federal sentence and the Court treats it as a § 2255 motion.

2 – ORDER AND OPINION

*See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) (explaining that a motion that can be classified as a § 2255 motion will be classified as such and captioning the motion as a common law writ will not circumvent the statute of limitations contained in § 2255).

## I.     Bradshaw's Motion is Time-Barred

Bradshaw's motion is time barred by the one-year statute of limitations contained in § 2255. § 2255(f) provides that motions are subject to a one-year period of limitation which runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Usually, the one-year limitation is triggered by a judgment of conviction becoming final. § 2255(f)(1). A judgment of conviction is final when a defendant no longer can file an appeal. *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). A defendant has 14 days to file an appeal after a judgment of conviction. Fed. R. App. P. 4. Accordingly, if no appeal is filed, a judgment of conviction becomes final after 14 days. However, a court "may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2005).

As Bradshaw did not file an appeal after his September 17, 1997 judgment of conviction, his judgment became final on October 2, 1997.[1] Bradshaw had until October 2, 1998 to file a 28 U.S.C. § 2255 motion. Bradshaw filed his current motion on August 11, 2016, well past the October 2, 1998 deadline. Since Bradshaw has not alleged any facts to justify equitable tolling, his motion is time-barred.

## II.     Bradshaw Has Not Presented a Cognizable Claim under § 2255

Even assuming that Bradshaw's motion is not time-barred, Bradshaw has not presented a cognizable claim under § 2255. Under § 2255(a), grounds for a successful motion include, "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." § 2255 relief can only be granted when there is "a fundamental defect which inherently results in a complete miscarriage of justice" making collateral relief necessary. *Davis v. United States*, 417 U.S. 333, 345 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Even though Bradshaw alleged a violation of his 14th Amendment Due Process rights in his response, he relates the violation to invalidating his state conviction and sentence, not his federal conviction and sentence. Specifically, Bradshaw stated the following:

> Defendant's has a 14th amendment right to due process of law, this was violated when the state of Oregon served the U.S. Marshal an abolished writ to get jurisdiction of him, defendants argument is if the state never had legal jurisdiction to try him on robbery charges that would mean that his state conviction is void, or when the U.S. Marshal's accepted the abolished from the state of Oregon they gave up legal jurisdiction over the defendant.

Def.'s Resp. ¶ 1, ECF No. 33.

Bradshaw seems to allege that the state of Oregon and the U.S. Marshals each were served with abolished writs of jurisdiction. According to Bradshaw, neither the state of Oregon

---

[1] Bradshaw waived his appeal rights as a part of his plea agreement. Resp. ¶ 2.

4 – ORDER AND OPINION

nor the United States had jurisdiction over him. However, Bradshaw alleges no facts to support this contention or even make a showing of how this error rises to a "complete miscarriage of justice" entitling him to have his sentence restructured. Furthermore, in his original motion, Bradshaw does not allege that his sentence was in violation of the Constitution or laws of the United States; rather, he only alleges that he needs his state and federal sentences to run concurrently in order to participate in rehabilitation programs. In sum, Bradshaw does not sufficiently allege that the imposition of his state sentence running consecutively to his federal sentence is a "complete miscarriage of justice."

### III.    Bradshaw's Motion is Procedurally Barred and Bradshaw Cannot Meet the Cause and Prejudice Exception

Bradshaw raises, for the first time in this Motion, a claim regarding his sentence. Thus, Bradshaw's claim is procedurally barred unless Bradshaw can meet the "cause and actual prejudice" exception. If a defendant fails to raise an alleged error at trial or on direct appeal, the claim is procedurally barred unless the defendant meets the "cause and actual prejudice" exception. *United States v. Frady*, 456 U.S. 152, 167-168 (1982). This exception requires the defendant to show "cause" for the delay and "actual prejudice" resulting from the alleged error. *Id.* at 167-68.  To show "actual prejudice," a defendant must show that "the errors at his trial . . . worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

Bradshaw's Motion is procedurally barred because he cannot meet the "cause and actual prejudice" exception. Bradshaw does not allege any facts that show "cause" for his 20-year delay. Similarly, Bradshaw does not allege any facts that show he suffered "actual prejudice" that rises to the level required by *Frady*. Thus, Bradshaw's Motion is also procedurally barred.

## CONCLUSION

Bradshaw's Motion, ECF No. 31, is DENIED because it is time-barred, not cognizable, and procedurally barred.

IT IS SO ORDERED.

DATED this __6th_ day of March, 2017.

                                                      _____/s/ Michael McShane_____
                                                          Michael McShane
                                                   United States District Judge